# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-946V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| ANUBHAV BHATIA, *and* | \* | Chief Special Master Corcoran |
| KHUSHBU THAKKAR, *on behalf* | \* | |
| *of their minor child, S.B.*, | \* | Filed:  January 15, 2026 |
| | \* | |
| Petitioners, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Nathan J. Marchese*, Siri & Glimstad LLP, Los Angeles, CA, for Petitioner.

*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 20, 2024, Anubhav Bhatia and Khushbu, on behalf of their minor child, S.B., filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.") at 1. Petitioners allege S.B. suffered "severe neurological injury, including ongoing seizures" after receipt of several four- and/or six-month vaccines on March 9, and May 11, 17, and 24, 2023. Pet. at 1. Resolution of the matter remains pending.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioners have now filed a motion for an interim award of attorney's fees and costs. Motion, dated Dec. 24, 2024 (ECF No. 15) ("Interim Fees Mot."). If it the first fees request in this case, and is occasioned by the withdrawal of their prior counsel. Petitioner requests a total of $19,674.92, reflecting $17,551.00 in fees, plus $2,123.92 in costs. Interim Fees Mot. at 38. Respondent reacted to the fees request on December 26, 2024. *See* Response, dated Dec. 26, 2024 (ECF No. 16) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for a fees and costs award are met herein, and if so, the calculation of the amount to be awarded. Resp. at 2. Petitioners did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$19,674.92**.

## ANALYSIS

### I.       Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs incurred to that point in time, but prior to the case's full resolution, may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But because no entitlement determination has been (usually) made at the time an interim award is sought, the party requesting such an award must meet the reasonable basis standard applicable to literally "unsuccessful" cases. *Avera*, 515 F.3d at 1352.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,00.00; 2) where expert costs are requested, if the aggregate amount is more than $15,00.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). In addition, the withdrawal or substitution of counsel is often deemed reasonable grounds in and of itself for an interim award

(except where the special master has foundational concerns about the claim's reasonable basis). *See e.g., Woods v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 148, 154 (2012).

For fee requests generally, counsel must submit contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id*. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

I find an interim award is appropriate in this case, primarily in light of prior counsel's withdrawal. Although it remains unclear at the present whether the underlying claim will succeed, I also deem the case not to have identified reasonable basis issues at this point, and Respondent has not argued to the contrary. Accordingly, I will allow a fees award.

## II.    Calculations of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorneys, based on the years work was performed:

|  | **2024** |
|---|---|
| **Andrew Downing** (Attorney) | $485 |
| **Ann Allison** (Attorney) | $435 |
| **Danielle Avery** (Paralegal) | $175 |
| **Alex Malvick** (Paralegal) | $175 |
| **Samantha Perez** (Paralegal) | $175 |

Interim Fees Mot. at 41.

The attorneys at Petitioners' former counsel's firm have been recognized to practice in forum, thus, entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Hum. Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023). The rates requested are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[3] *Cracraft v. Sec'y of Health & Hum. Servs.*, No. 20-0562V, 2024 WL 2992939, at *3 (Fed. Cl. Spec. Mstr. May 9, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable, and I will therefore award all fees requested without adjustment.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Jan. 15, 2026).

4

### III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $2,123.92 in outstanding costs, including the filing fee and medical record retrieval costs. Ex. A (ECF No. 15-1) at 7–21. Petitioner has provided supporting documentation for all claimed costs. *See id.* The costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs. I award a total of **$19,674.92**, reflecting $17,551.00 in fees, and $2,123.92 in costs, to be paid through an ACH deposit to Petitioners' former counsel, Andrew D. Downing's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.